[No. 38385. Department One. February 16, 1967.]

KONG YICK INVESTMENT Co., *Appellant*, v. MARYLAND CASUALTY Co., *Respondent*.\*

*Casey & Pruzan*, by *Richard L. Young*, for appellant.

*Williams, Lanza, Kastner & Gibbs* and *William D. Cameron*, for respondent.

LANGENBACH, J.†—As Craig Somerville was walking along 7th Avenue South in Seattle, on a sidewalk adjacent to the address of plaintiff, a pane of glass fell from the building and struck him on the head. At that time plaintiff had a policy of insurance with defendant corporation which insured certain premises. These were described as "308-512 7th Street," while the accident was alleged to have occurred at 415 7th Avenue South. Assuming that even numbers are on one side of the street and the odd numbers are

\*Reported in 423 P.2d 935.

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

on the other side, the place of the alleged accident would be a block and a half from the insured premises.

Somerville sued the plaintiff for damages for his injuries and plaintiff tendered to defendant, as its insurer, the defense of the action. The defendant refused to defend, insisting that the accident and injury to Somerville were without the scope of the insurance coverage. The plaintiff thereafter settled with Somerville before trial occurred and sought reimbursement from defendant. When this was refused plaintiff brought this action for reimbursement. Upon trial the action was dismissed by the court on the ground that the policy covered sidewalks and there was no evidence that the injury arose out of the operation, maintenance or use of the sidewalk. That the policy did not insure the premises where the accident actually occurred was never raised at the trial. The only issue was whether the language of the policy embraced this type of injury.

There were four assignments of error. All pertained to the single question of whether the accidental injury to Somerville on plaintiff's sidewalk was within the scope of coverage of defendant's bodily injury liability policy. All assignments of erorr were argued together.

The main contention was stated in plaintiff's brief as follows:

> Appellant's contention was and is that, as to injuries sustained by Somerville and caused by accident, respondent agreed to assume appellant's obligations arising out of appellant's ownership, maintenance or use of the sidewalk where the accident occurred. In other words, the policy is not limited to accidental injuries for which appellant might be held liable because of defects in its sidewalk; the policy covers any accidental injury for which appellant might be held liable because the injury occurred on appellant's sidewalk.

In the insurance policy, defendant agreed

> To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined.

The terms of defendant's policy defined the hazards under "Premises—Operations" as follows: "The ownership, maintenance or use of the premises, and all operations necessary or incidental thereto."

The policy specified that the premises to be insured against for bodily injury liability were "Premises—Operations Sidewalks. It also defined "premises" under the heading "Conditions" as follows: "The unqualified word 'premises' means the premises designated in the declarations and includes the ways immediately adjoining the land."

Under "Declarations" the policy made two references to the premises as (1) Location of premises—701-711 King St., and 308-512 7th St., Seattle, Washington; and (2) Premises—Operations Sidewalks.

The trial court in a conclusion which was challenged stated: "There was no evidence presented or contention made that Somerville's injuries arose out of the ownership, maintenance or use of the 'sidewalks' or 'sidewalk elevator,' at the time of trial."

This was not plaintiff's contention. Rather it was that defendant was liable for any injuries which might have occurred or been sustained *on* plaintiff's sidewalk. It was never argued that Somerville had not been injured while *on and using* plaintiff's sidewalk immediately adjacent to its building. (Incidentally, under the "Conditions" in the policy, it was provided that "assault and battery shall be deemed an accident . . . ." Certainly this could only occur *on or adjacent* to the sidewalk premises.)

■ The defendant asserted that whether it was the duty of an insurer to defend a suit against the insured is to be determined by the allegations of the complaint or claim filed against the insured. If suit complaint or claim does not allege a liability within the coverage of the policy, the insurer is not required to defend the action. *Town of Tieton v. General Ins. Co. of America,* 61 Wn.2d 716, 380 P.2d 127 (1963).

Although the Somerville complaint alleged that the accident occurred at 415 7th Avenue South, while the insured

premises were at 308-512 7th Street, the defendant ignored the difference in locations and defended the present action under the terms of the policy and on the ground that these terms did not encompass such an injury. On that foundation the defendant asserted it was without liability.

■ It is plaintiff's contention that if any ambiguity existed in the terms of this policy, it must be construed in favor of the insured. *Selective Logging Co. v. General Cas. Co. of America,* 49 Wn.2d 347, 351, 301 P.2d 535 (1956) stated:

> It is the established rule in this state that, where a provision of a policy of insurance is capable of two meanings, or is fairly susceptible of two different constructions, that meaning and construction most favorable to the insured must be applied, even though the insurer may have intended another meaning. [Citing cases.]
>
> It is equally the well-settled rule that a word used in the insurance contract is to be construed in its ordinary signification. [Citing cases.]

■ Defendant contended that plaintiff had the burden of proving that the Somerville complaint stated a claim for "bodily injury . . . caused by accident and arising out of . . . the ownership, maintenance or use of the premises . . . ." The "premises" involved in this action were the "sidewalk." It was upon this sidewalk that Somerville had been injured by the falling pane of glass. The policy recited "The unqualified word 'premises' means the premises designated in the declarations and includes the ways immediately adjoining on land." The declarations also referred to "Premises—Operations Sidewalks."

Consequently, it is manifestly clear that this insurance policy covered any bodily injury which occurred or was occasioned in connection with the "ownership, maintenance or use of the premises," namely, the sidewalk adjacent to the building from which the pane of glass fell. The injured person was *on* the sidewalk and the injury transpired *on* and during the *use* of the sidewalk by that person. The accident was within the provisions of the insurance policy. It was the defendant's duty to defend the Somerville ac-

tion. Having failed to do so, it became liable to plaintiff; therefore, the defendant must make the plaintiff whole. The judgment is reversed and the trial court is directed to enter a judgment for plaintiff according to its prayer.

ROSELLINI, OTT, HUNTER, and HALE, JJ., concur.

March 15, 1967. Petition for rehearing denied.