**BENTON STATE BANK, Appellant,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellee.**

**No. 71-1146.**

United States Court of Appeals, Eighth Circuit.

Dec. 9, 1971.

**6**

Fred E. Briner, Benton, Ark., Robert D. Cabe, Wright, Lindsey & Jennings, Edward L. Wright, Little Rock, Ark., for appellant.

E. DeMatt Henderson, Catlett & Henderson, Little Rock, Ark., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, MEHAFFY and ROSS, Circuit Judges.

PER CURIAM.

This diversity appeal involves a suit brought on a bankers' blanket bond issued by the defendant, Hartford Accident and Indemnity Company, to plaintiff, Benton State Bank. The district court granted Hartford's motion for partial summary judgment, ruling that the coverage under Hartford's bond was limited to an aggregate sum of $25,000.-00. We affirm.

Briefly the facts are that Benton State Bank was the victim of a fraudulent scheme whereby a real estate developer had obtained loans from the bank by the use of promissory notes and real estate mortgages bearing the names of fictitious persons or persons who had no connection with or knowledge of the transactions. The bank brought this action seeking recovery of $600,000.00, the face amount of the bond, and alleging losses in excess of that amount. Both parties moved for partial summary judgment.

The district court found that the only coverage under the bond as applied to this case was Clause E which provided protection with respect to losses sustained by the bank on account of reliance on forged documents, which would include notes, mortgages, or deeds of trust. It found that a rider denominated Partial Fraudulent Signature Coverage Rider, Form F-2890, did not apply. It found that Clause E was modified by a rider Form F-2849, which in pertinent part is as follows:

"In consideration of the premium charged for the attached bond as limited by this rider, it is agreed that:

.   .   .   .   .   .

"2. The total liability of the Underwriter under Insuring Clause (E) of the attached bond, with respect to any loss or losses sustained at any time

but discovered after the date and hour this rider becomes effective, is limited to the sum of TWENTY FIVE THOUSAND and NO/100 - - - DOLLARS ($25,000.00).

"3. The liability of the Underwriter as limited in each of the paragraphs numbered 1 and 2 of this rider shall be a part of and not in addition to the amount of the attached bond; subject, nevertheless, to the Non-Reduction of Liability Section of the attached bond."

The Non-Reduction of Liability Section referred to in the rider is Section 6 of the bond and is as follows:

"Section 6. Payment of loss under this bond shall not reduce the liability of the Underwriter under this bond for other losses whenever sustained; PROVIDED, however, that the total liability of the Underwriter under this bond on account of . . . (c) any loss or losses other than those specified in (a) and (b) preceding, caused by acts or omissions of any person (whether one of the Employees or not) or acts or omissions in which such person is concerned or implicated, . . . is limited to the sum above stated in the opening paragraph of this bond irrespective of the total amount of such loss or losses."

The position of the defendant Hartford in this court and in the court below is that when rider Form F–2849 and Section 6 of the bond are construed together the limit of defendant's liability under Clause E is $25,000.00 for loss occasioned by any one forgery and $25,000.00 for plural losses resulting from a number of separate forgeries perpetrated by the same person. Plaintiff bank contends here as it did below that with respect to plural losses occasioned by a series of forgeries committed by one person defendant's limit of liability for each loss is limited to $25,000.00 but that it is also liable for the aggregate of losses up to the face amount of the bond or $600,000.00.

At the outset we agree with the district court that the only coverage provided is under Clause E of the bond as modified by rider F–2849 and that the rider denominated Partial Fraudulent Signature Coverage Rider, Form F–2890, does not apply since it deals with induced signatures, a factor not involved in this case. The .appellant bank does not appear to contend otherwise in this court.

We can find no controlling Arkansas law on the proper construction to be given the language of the bond. "This being so, it devolved upon the District Court in the case at bar, sitting in that State, to determine what would probably be the decision of the highest court of the State in a similar factual situation. * * * In such a situation this Court will not substitute its judgment for that of the District Court, unless it is clearly demonstrated that it misapplied the local law of Arkansas." State Farm Mut. Automobile Ins. Co. v. Jackson, 346 F.2d 484 (8th Cir. 1965).

In reviewing cases of this nature this court has also stated:

" 'Finally, and in any event, we revert to principles well established by decision of this court: that our task is not to formulate the legal mind of the State but merely to ascertain and apply it: that the standard for review here on a doubtful question of state law is only whether the trial court has reached a permissible conclusion: that the appellants' burden of showing misconception or misapplication of local law by the trial court is a heavy one; and that where we feel that the trial court has reached a permissible conclusion we do not interfere with it. * * * ' " State Farm Mut. Automobile Ins. Co. v. Pennington, 324 F.2d 340, 342 (8th Cir. 1963).

With these rules in mind, we turn to the district court's holding. It held that the rider Form F–2849 provided a total bond limit on Clause D and E losses. It held that under the Non-Reduction of Liability clause, Section 6 of the bond, there was no reinstatement of this total limit. We find support for this position in Securities & Exchange Comm. v. Ar-

kansas Loan & Thrift Corp., 297 F. Supp. 73 (W.D.Ark.1969), aff'd, 427 F. 2d 1171 (8th Cir. 1970), and Roodhouse Nat'l Bank v. Fidelity & Deposit Co. of Maryland, 426 F.2d 1347 (7th Cir. 1970). The *Arkansas Loan & Thrift* case, although not dealing directly with the matter, held that similar bond language did not operate to reinstate the face amount of the bond. The court in *Roodhouse* agreed with the *Arkansas Loan & Thrift* case, and as we interpret *Roodhouse* held that a similar rider provided a total limit on a similar Clause E coverage of a similar bond.

We cannot say that the district court's holding was an impermissible one or that it clearly misapplied the local law of Arkansas. We recognize the rules of Arkansas law on ambiguous insurance contracts but we are not required to use a forced construction of the terms of the contract when no ambiguity exists. State Farm Mut. Automobile Ins. Co. v. Pennington, *supra*.

Accordingly, the judgment of the district court is affirmed.