[No. 1426-43512-3.   Division Three.   December 11, 1975.]

YAKIMA CEMENT PRODUCTS COMPANY, *Appellant*, v. GREAT AMERICAN INSURANCE COMPANY, *Respondent.*

*Walter G. Meyer, Jr.,* and *Halverson, Applegate, McDonald, Bond, Grahn, Wiehl, Almon & Putney,* for appellant.

*Donald W. Schussler* and *Nashem, Prediletto, Brooks, Schussler & Halpin,* for respondent.

[As amended by order of the Court of Appeals December 31, 1975.]

GREEN, J.—Plaintiff, Yakima Cement Products Co., commenced this action against its insurer, defendant Great American Insurance Co., alleging breach of the insurance agreement for failing to defend plaintiff against a counterclaim in a prior action. Plaintiff seeks to recover defense

costs and attorney's fees together with the amount of the judgment entered against it on the counterclaim. Both parties moved for summary judgment; the trial court granted defendant's motion and dismissed plaintiff's complaint with prejudice. Plaintiff appeals.

Two issues are presented: (1) Did defendant have a duty to defend plaintiff against the counterclaim in the prior action? and (2) Did the counterclaim against plaintiff allege facts that give rise to coverage under the terms of the insurance policy? We hold that summary judgment was properly granted on the first issue. However, a question of material fact exists as to coverage and we reverse and remand for trial on the second issue.

The record reveals that plaintiff, a subcontractor for F. S. Jones Construction Company contracted to furnish certain precast concrete panels to be incorporated into buildings under construction by F. S. Jones. Plaintiff failed to manufacture the panels according to specifications and although the defects were remedied by plaintiff, F. S. Jones incurred extra expenses resulting from the delay in completion of the project. After completion, F. S. Jones refused to pay plaintiff who commenced suit in United States District Court to recover for work done on the contract. F. S. Jones counterclaimed, alleging that the plaintiff misrepresented its ability to provide the concrete panels called for by the subcontract and breached that contract when it supplied misfabricated panels and failed to meet delivery schedules. The counterclaim alleged that the following damages were incurred: (1) increased labor and materials costs; (2) extra charges filed by other subcontractors; (3) loss of profit; and (4) damage to F. S. Jones' reputation as a general contractor. Plaintiff tendered defense of the counterclaim to the defendant who refused to defend on the ground that the counterclaim failed to allege damages within the coverage of the insurance policy.

Thereafter, plaintiff and F. S. Jones settled their respective claims and requested that the federal court enter

agreed findings of fact, conclusions of law and a judgment embodying their settlement. These agreed findings, conclusions and judgment were entered awarding plaintiff $107,974.17 on its subcontract and awarding F. S. Jones $69,474.17 on its counterclaim. Counsel for defendant appeared, admittedly without standing, and unsuccessfully objected to the entry of the findings and conclusions because the action had been settled, and thus the only purpose for entry of findings would be to attempt to collaterally estop defendant in a future action on the issue of coverage.

Thereafter, plaintiff commenced this action. In granting defendant's motion for summary judgment, the trial court ruled that the counterclaim in the federal action failed to allege facts within the policy coverage, *i.e.*, damage to *tangible* property caused by an occurrence; that defendant had no duty to defend the counterclaim; and that the findings and conclusions entered in federal court were not binding in this action.

First, plaintiff contends that the defendant breached its insurance contract with plaintiff by failing to defend it against the counterclaim. We disagree. The pertinent policy provisions are:

> To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of *property damage* caused by an *occurrence*.

(Italics ours.) "Occurrence" is defined in the policy as "an accident." "Property damage" is defined as "injury to or destruction of *tangible* property." (Italics ours.) The policy further provides:

> The company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage . . .

The counterclaim alleged damages for costs incurred due to delay and injury to F. S. Jones' reputation arising from plaintiff's misfabrication of the concrete panels. Nowhere in the counterclaim does F. S. Jones allege "injury to or destruction of tangible property," *i.e.*, structural harm to the

building. *See General Ins. Co. of America v. Gauger*, 13 Wn. App. 928, 538 P.2d 563 (1975).

■ An insurer's duty to defend is to be determined from the allegations of the complaint. *Seaboard Surety Co. v. Ralph Williams' Northwest Chrysler Plymouth, Inc.*, 81 Wn.2d 740, 504 P.2d 1139 (1973); *Holland America Ins. Co. v. National Indem. Co.*, 75 Wn.2d 909, 454 P.2d 383 (1969); *Kong Yick Inv. Co. v. Maryland Cas. Co.*, 70 Wn.2d 471, 423 P.2d 935, 23 A.L.R.3d 1226 (1967); *Tieton v. General Ins. Co. of America*, 61 Wn.2d 716, 380 P.2d 127 (1963); *Lawrence v. Northwest Cas. Co.*, 50 Wn.2d 282, 311 P.2d 670 (1957). In *Holland America Ins. Co. v. National Indem. Co., supra*, the court said, at page 911:

> It is well established in this and other jurisdictions that the insurer's duty to defend, unlike its duty to pay, arises when the complaint is filed and is to be determined from the allegations of the complaint.

In the instant case, it is clear that the counterclaim does not allege "injury to or destruction of tangible property" which would, if proved, render defendant liable on its policy. Thus, as a matter of law, defendant had no duty to defend plaintiff against the counterclaim in the federal court action and summary judgment on this issue was properly granted.

Secondly, plaintiff contends that the findings and conclusions entered in the federal court action recite facts which invoke coverage under the insurance policy, are binding on defendant in this action, and require entry of judgment in favor of plaintiff. We disagree.

■ While the findings arguably state facts constituting "injury to or destruction of tangible property," they are not binding in this action.[1] In *East v. Fields*, 42 Wn.2d 924, 925,

---

[1]Finding of fact No. 22 reads, in pertinent part:

"As a proximate result of the negligence of Yakima Cement . . . Jones was damaged in the following particulars:

"(a) Jones had ordered certain materials to be placed into the operations building including the roof, steel joists and steel posts and beams to support the same. These materials were to be incorporated into the operations building after the walls (pre-cast panels) were

259 P.2d 639 (1953), the guidelines for determining the effect of findings entered in a prior action are stated:

> The rule is that when an insurer has notice of an action against an insured, and is tendered an opportunity to defend, it is bound by the judgment therein upon the question of the insured's liability. 1 Freeman, Judgments (5th ed.) 978, § 447; 30 Am. Jur. 969, § 237; and Restatement, Judgments 511, §107. The *judgment,* however, is not conclusive as to the question of coverage of the policy in question (Restatement, Judgments 517, § 107 (g)), for the reason that the causes of action for tort liability and for indemnity liability are separate and distinct. 1 Freeman, Judgments (5th ed.) 991, § 540. Thus, the judgment fixing the tort liability of the defendants in the main action is not *res judicata* of the indemnity liability of the insurance company in the garnishment proceedings.
>
> Notwithstanding this, the doctrine of collateral estoppel applies in a proper case. This doctrine is that the insurer is bound by any material *finding of fact essential to the judgment* of tort liability, which is also decisive of the question of the coverage of the policy of insurance. Restatement, Judgments 293, § 68. It would, of course, be anomalous for a court to find such a critical fact one way in the tort action, and to the opposite effect in the garnishment proceeding.

(Italics ours.) In *Henderson v. Bardahl Int'l Corp.*, 72 Wn.2d 109, 118, 431 P.2d 961 (1967), the court said:

> It is axiomatic that for collateral estoppel by judgment to be applicable, that the facts or issues claimed to be conclusive on the parties in the second action were actually and *necessarily litigated* and determined in the prior action.

(Italics ours.) *Luisi Truck Lines, Inc. v. State Util. & Transp. Comm'n,* 72 Wn.2d 887, 894, 435 P.2d 654 (1967); *see also Greene v. St. Paul-Mercury Indem. Co.,* 51 Wn.2d

---

erected. *Because the pre-cast concrete panels manufactured by Yakima Cement were defective and said defects had to be cured, said roof materials, beams, steel joists, and other structural steel was materially damaged because of its exposure* to natural elements. As a result thereof, said damage had to be cured and corrected by F. S. Jones at its expense in the amount of $26,000.00 before it could be incorporated into said building."

569, 320 P.2d 311 (1958); *Hamm v. Camerota*, 48 Wn.2d 34, 290 P.2d 713 (1955). Here, the issues in the federal action were never litigated. Rule 52, Federal Rules of Civil Procedure, does not require the entry of findings in an action that has been compromised and settled. Thus, entry of findings was not necessary to the termination of that action. We hold those findings are ineffective, not binding, and cannot be used to collaterally estop defendant in this action.

Plaintiff relies upon *Geddes & Smith, Inc. v. Saint Paul-Mercury Indem. Co.*, 51 Cal. 2d 558, 334 P.2d 881 (1959) as authority for its position that the agreed findings in the federal court action are binding on the defendant in this case. Such reliance is misplaced. In *Geddes*, a contractor ordered a number of aluminum doors from the insured, to be installed in houses being constructed by him. The doors were defective and the contractor sued the insured for the resulting damages. The insured tendered defense to its insurer who refused to defend, claiming lack of coverage. Prior to trial, the contractor and the insured stipulated to the entry of findings and conclusions and, accordingly judgment was entered for the contractor for $100,000. The contractor then sued the insurer to recover the judgment. The insurer contended that the judgment was "only presumptive evidence of the matters necessarily adjudicated therein because it was a stipulated judgment." *Geddes & Smith, Inc. v. Saint Paul-Mercury Indem. Co., supra* at 562. The court answered the insurer's contention as follows:

> This question need not be considered . . . The issues that defendant *litigated* in the trial court and that are raised in this appeal concern the scope of policy coverage and were not adjudicated in the prior action.

(Italics ours.) Thus, the court in *Geddes* did not consider whether the stipulated findings and conclusions in the prior action were binding on the insurer in the later action, but rather, found the question moot since the issue of coverage was in fact litigated in the action which was the subject of

the appeal. The crucial distinction between the instant case and *Geddes* is that the issue of coverage has never been litigated.

█ Although an insurer's duty to defend "arises when the complaint is filed and is to be determined from the allegations of the complaint," its duty to pay depends upon the actual determination of factual issues relating to coverage, whether presented by the pleadings, or during trial. *Holland America Ins. Co. v. National Indem. Co., supra* at 911. Restated, an insurer's duty to defend is determined by the allegations of the complaint; but, the allegations are not conclusive on the issue of coverage. Coverage or an insurer's "duty to pay" depends upon the actual determination of facts surrounding the claimed injury relative to the policy provisions. In the instant case, material questions of fact pertinent to the issue of coverage have never been litigated in either the federal court action or this action on appeal. Therefore, summary judgment should not have been granted on the issue of coverage.

Affirmed in part; reversed in part and remanded for trial. Each party shall bear its own costs on appeal.

McINTURFF, C.J., and MUNSON, J., concur.

Petition for rehearing denied January 15, 1976.

Review denied by Supreme Court March 9, 1976.