NORTHWESTERN NATIONAL
INSURANCE COMPANY,
Plaintiff,

v.

L.D. DENNIS, Donald Cousins, Father
and Next Friend of Tracy Cousins, A
Minor, and Donald Cousins, Individual-
ly, Defendants. .

Civ. No. 86–5025.

United States District Court,
W.D. Arkansas,
Fayetteville Division.

June 25, 1986.

Constance G. Clark, of Davis, Cox &
Wright, Fayetteville, Ark., for plaintiff.

Don R. Elliott, Jr., of Odom, Elliott &
Martin and Bill Bracey, Jr., Fayetteville,
Ark., for Donald Cousins, Father and Next
Friend of Tracy Cousins, a minor, and Don-
ald Cousins, individually.

W.Q. Hall, Huntsville, Ark., for defend-
ant L.D. Dennis.

**MEMORANDUM OPINION**

H. FRANKLIN WATERS, Chief Judge.

This is a declaratory judgment action
brought under the provisions of 28 U.S.C.
§ 2201 by Northwestern National Insur-
ance Company, a corporation organized un-
der the laws of the state of Wisconsin, and
having its principal place of business out-
side the state of Arkansas. The defend-
ants are citizens and residents of Madison
County, Arkansas. Thus, the provisions of
28 U.S.C. § 1332(a) give this court jurisdic-
tion of the parties and subject matter.

The facts necessary for a determination
of the issues raised by the declaratory
judgment action appear to be undisputed.
Defendant, L.D. Dennis, was the insured in
a policy of insurance issued by the plaintiff
on May 3, 1983. The insurance policy
which was attached to the complaint is a
typical homeowners policy providing vari-
ous coverages. Among the coverages pro-
vided is that designated Coverage E—Per-
sonal Liability which provides:

If a claim is made or a suit is brought
against any insured for damages because
of bodily injury or property damage to
which this coverage applies, we will:
a. pay up to our limit of liability for
the damages for which the insured is
legally liable; and
b. provide a defense at our expense
by counsel of our choice. We may
make any investigation and settle any
claim or suit that we decide is appro-
priate. Our obligation to defend any
claim or suit ends when the amount we
pay for damages resulting from the
occurrence equals our limit of liability.

As is typical of homeowners policies and,
in fact, other types of liability insurance
policies, the policy issued contains various
exclusions. One of the exclusions, applica-
ble to Coverage E, excludes coverage for
bodily injury "rising out of business pur-
suits of any insured...." That exclusion
goes on to provide that it does not apply to
"activities which are ordinarily incident to
non-business pursuits." The Definitions
section of the policy provides: "2. 'busi-

ness' includes trade, profession or occupation."

This declaratory judgment action results from a lawsuit filed in the Circuit Court of Madison County, Arkansas, by Donald Cousins, father and next friend of Tracy Cousins, a minor, against several defendants, including the insured, L.D. Dennis. In a fourth amended complaint filed in that action by the plaintiff it is alleged:

(5) That on or about April 11, 1984 during school hours the plaintiff, Tracy Cousins, was an invitee on the property owned and controlled by the defendant, Huntsville School District # 1, same being the school grounds of Huntsville Middle School, and was walking in route to the coach's office when at the same time and place the separate defendant, L.D. Dennis, was operating a motor vehicle owned by Huntsville School District # 1 with a tractor pulling a bush hog mower in a parking lot under the direction of school maintenance supervisor, Terrance Mitchell, when said tractor and mower hurled a rock into the left eye of said plaintiff with tremendous force and impact so as to cause complete retinal detachment and permanent and irreversible blindness in said eye.

(6) That at said time and place the separate defendant, L.D. Dennis, was acting as the agent, servant or employee of Huntsville School District # 1 and was acting within the scope of his employment and therefore his actions are imputed to the separate defendant, Huntsville School District # 1.

After this declaratory judgment action was filed, interrogatories and requests for admission of facts were propounded to defendant Dennis. In response to this discovery he admitted that, at the time of the incident which resulted in the state court action, he was an employee of the Huntsville School District and was engaged in performing his duties in such employment.

After receiving the responses to the discovery, the insurance carrier moved for summary judgment under the provisions of Rule 56 of the Federal Rules of Civil Procedure. Defendant Dennis has not responded to the motion for summary judgment and his time to do so under the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas has expired. Defendant Cousins has responded, contending that there are genuine issues as to material facts and that summary judgment should not be granted. However, the court believes that this response indicates that defendant Cousins misunderstands what this phrase used in Rule 56 means. In compliance with Rule 29 of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas, this defendant filed a statement of material facts which he claims are genuine issues. He delineates what he claims to be the "issues of fact to be tried" as:

(1) That the bodily injury alleged by Donald Cousins in the Madison County Circuit Court Complaint did not arise out of a business pursuit as defined in policy number CHO PPP 163854 issued by Northwestern National Insurance Company to L.D. Dennis.

(2) That there is coverage under the policy of insurance issued by Northwestern National Insurance Company to L.D. Dennis for any of the injuries and damages alleged by Donald Cousins.

(3) Northwestern National Insurance Company has a duty to defend and pay any judgment which might be entered against L.D. Dennis in the Madison County Circuit Court case.

In the first place, these assertions are mere conclusions and, if anything, are not "fact issues," but are, instead, "legal issues" to be determined after the relevant facts are developed, or after it is determined that there is no genuine issue of any material facts. As is stated in 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2712:

The summary judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved.

In this case, it appears obvious that there is no genuine issue of any material fact and that defendant Cousins does not argue otherwise. Instead, he argues that the court should not find that there is no coverage when the applicable law is applied to the undisputed facts.

Those undisputed facts are that Donald Cousins has filed suit in the Circuit Court of Madison County, Arkansas, against the insured, L.D. Dennis, and others, claiming that his minor son was injured when a stone was thrown by a "bush hog mower" operated at the time by the insured. He alleges that at that time the defendant was acting "as the agent, servant or employee of Huntsville School District # 1 and was acting within the scope of his employment and therefore his actions are imputed to the separate defendant, Huntsville School District # 1." Not only does Mr. Cousins allege that at the time the insured was an employee of the Huntsville School District, the insured himself has admitted that this was the case and admitted that he was engaged in his activities as an employee of the school district at the time of the incident which resulted in the state court lawsuit. Thus, it becomes obvious that no one really contends that there is any question of fact to be determined by a trier of fact before the applicable law can be applied. Instead, the very serious dispute between the parties is what the result should be after the applicable law is applied to the undisputed facts. Since this is the case, the court can say that there is not "the slightest doubt" as to those facts which are necessary for a proper determination of this declaratory judgment action. *Traylor v. Black, Sivalls & Bryson,* 189 F.2d 213 (8th Cir.1951). Thus, the purpose of Rule 56 to prevent vexation and delay,[1] to promote expeditious disposition of cases,[2] and to avoid unnecessary trials[3] is served by this matter being ended by summary judgment.

Since no one seriously disputes that the incident which resulted in the state court action resulted from the insured's activities in the course of his employment with the Huntsville School District, the remaining issue is whether the exclusion set forth above operates to exclude coverage. In short, the question is whether the insured's operation of a tractor and rotary type mower which allegedly threw the stone that injured young Cousins, was a "business pursuit" as defined in the policy of insurance issued to L.D. Dennis.

While it is true, as defendant Cousins points out, that an ambiguity found in an insurance contract is to be construed against the insurer which wrote it, *Countryside Cas. Co. v. Grant,* 269 Ark. 526, 601 S.W.2d 875 (1980), and numerous other cases cited in 10A West's Arkansas Digest, Key No. 146.6, it is equally true that the court will not use a forced construction of the terms of an insurance contract where no ambiguity exists, and must apply the law to unambiguous terms of a policy. *Benton State Bank v. Hartford Acc. & Indem. Co.,* 452 F.2d 5 (8th Cir.1971); *Peacock & Peacock, Inc. v. Stuyvesant Ins. Co.,* 332 F.2d 499 (8th Cir.1964); *Hardware Dealers Mutual Fire Ins. Co. v. Holcomb,* 302 F.Supp. 286 (W.D.Ark.1969); *Southern Farm Bureau Cas. Ins. Co. v. Williams,* 260 Ark. 659, 543 S.W.2d 467 (1976); and *Arkansas Blue Cross—Blue Shield, Inc. v. Tompkins,* 256 Ark. 370, 507 S.W.2d 509 (1974).

Under Arkansas law, insurance contracts are to be construed according to general contract principles. *Perkins v. Clinton State Bank,* 593 F.2d 327 (8th Cir.1979). When construing an insurance policy under Arkansas law, the provisions must be considered as a whole keeping in mind the purpose for which the contract was writ-

---

1. *Chambers v. U.S.,* 357 F.2d 224 (8th Cir.1966).

2. *Chambers, supra.*

3. *U.S. v. Porter,* 581 F.2d 698 (8th Cir.1978); *Robert Johnson Grain Co. v. Chemical Inter-*

change Co., 541 F.2d 207 (8th Cir.1976); *Klinge v. Lutheran Charities Association of St. Louis,* 523 F.2d 56 (8th Cir.1975); *Chambers, supra;* and *Parmelee v. Chicago Eye Shield Co.,* 157 F.2d 582 (8th Cir.1946).

ten. *J.B. Kramer Grocery Co., Inc. v. Glens Falls Ins. Co.,* 497 F.2d 709 (8th Cir.1974), and *Continental Cas. Co. v. Davidson,* 250 Ark. 35, 463 S.W.2d 652 (1971). A term in an insurance policy is not ambiguous unless it is susceptible to more than one equally reasonable construction. *Wilson v. Countryside Cas. Co.,* 634 S.W.2d 398, 5 Ark.App. 202 (1982).

With those principles in mind, the court must conclude that the applicable language used in the contract of insurance is susceptible to only one reasonable construction and that, thus, there is no ambiguity present. The policy in this case clearly and unambiguously excludes coverage for claims arising out of the "business pursuits" of the insured. Then, if that language is not clear enough, the Definitions section of the policy provides that "business" includes "trade, profession or occupation." The court doubts that it is necessary to seek authority for the meaning of the word "occupation," and suspects that if one hundred Madison County, Arkansas, residents were asked the meaning of this word, at least ninety-nine of them would say something like "it's what you do for a living." Webster would agree, defining occupation as "the principal business of one's life: a craft, trade, profession or other means of earning a living." *Webster's Third Int'l Dictionary.*

The plain meaning of the words used in the policy is to exclude coverage for any claims arising from the insured's pursuits in earning a living. Thus, the court believes that the only reasonable interpretation of the clause in dispute is that it excludes coverage for claims arising out of the insured's activities incident to his employment.[4]

While the phrase in question has been interpreted in a number of other jurisdictions, the attorneys for the parties have not pointed the court to any Arkansas cases on point, and the court's independent research has failed to disclose any. However, the annotation in 48 A.L.R.3d 1096 collects a number of cases from other jurisdictions which have interpreted similar language. The court believes that, in view of what it finds to be the plain and unambiguous meaning of the words used in the insurance contract, these cases are not particularly helpful. In the first place, while it is obvious that, in some of the cases, the interpreted language is similar, in most if not all of them the court cannot determine whether the term "business pursuits" is specifically defined by the policies in question to include activities while engaged in one's occupation.

Be that as it may, the court believes that the cases collected in the annotation, in most instances, support this court's conclusion. The court believes and finds that when the Arkansas Supreme Court is squarely faced with this issue, in view of the Arkansas cases cited above in relation to the construction of insurance contracts, it will agree with this court's interpretation of the relevant provisions of the policy.

In his brief filed in this case, defendant Cousins has cited only two cases which he contends support his position, but the court believes that these two cases can be distinguished on their facts and do not, in fact, support plaintiff's view. In *Fadden v. Cambridge Mut. Fire Ins. Co.,* 27 App. Div.2d 487, 280 N.Y.S.2d 209 (1967), a father and son were both insured under the same homeowners policy. The son volunteered to help an independent contractor who was hired by his father to clear the father's land and, while doing so, the independent contractor was injured by a power saw operated by the son. The court simply held that the policy of insurance was ambiguous as to whose business pursuits were excluded under the policy and resolved the ambiguity against the insurer.

---

4. It is true that, by the terms of the policy, the exclusion does not apply to "activities which are ordinarily incident to non-business pursuits." The court believes that it cannot be argued that an employee's operation of a tractor and mower in the course of his employment is an activity which is ordinarily incident to non-business pursuits. He was apparently hired to, among other things, operate the tractor and, in the court's view, clearly was in pursuit of his occupation and was, thus, engaged in a business pursuit.

In this case, the insured was engaged in his own business pursuits since the policy defines business pursuits to include activities engaged in in his occupation. Thus, it is not necessary to speculate whether the policy exclusion is intended to cover his own business pursuits or those of some other person.

Defendant Cousins also cites *Kong Yick Invest. Co. v. Maryland Casualty Co.*, 70 Wash.2d 471, 423 P.2d 935 (1967), but the court is at a loss to understand why. It is clear from what defendant says about this case that it is not on point and does not support his position. At p. 3 of his brief he says:

> In addition, in (citing the *Yick* case) coverage under a similar homeowner's policy was held to extend to a pedestrian who was struck on the head by a pane of glass which fell from the insured's building while he was walking on a sidewalk *adjacent* to the insured's premises. The rationale was that the policy clearly covered any bodily injuries which *occured [sic] on or were occasioned in connection with* the "ownership, maintenance, or use of the insured's premises" (emphasis added). Coverage was held to extend to this injury because the plaintiff's injury was occasioned on and during his use of the adjoining sidewalk. In the instant case, Tracy Cousins was injured while walking to the coaches' office *on the school premises.*"

It is true, as defendant says, that it is alleged that Tracy Cousins was injured while walking on the school premises, but what does that have to do with the issues in this case? This is not the school's insurance policy that the court is interpreting— it is that of Mr. Dennis who was operating the tractor and mower unit. Is defendant's attorney arguing that the "ownership, maintenance, or use of the insured's premises" clause of the homeowners policy should cover this incident? If he is, such argument is totally without merit. The policy of insurance in this case covers Mr. and Mrs. Dennis's land located, according to the policy, one mile south of Huntsville, Arkansas. If young Cousins had been injured while walking across that property, then that argument might have merit. It does not, however, have even the slightest merit in this case since it is claimed that the injury occurred on school district property, not that covered by Mr. Dennis' homeowners policy. Since that is true, *Kong Yick, supra,* is not on point and does not come close to supporting this defendant's argument.

Defendant Cousins argues, without citing authority, that "Arkansas' public policy of providing compensation to those injured by the negligent acts of others favors application of the more liberal New York policy of applying the business pursuits exclusion only to those who are self-employed." As pointed out above, Arkansas law is that, in construing contracts of insurance, the court should keep in mind the purpose for which the contract was written. *J.B. Kramer, supra,* and *Continental Cas. Co., supra.* The policy in question in this case was clearly intended to be a homeowners policy covering claims arising out of the ownership, use and occupancy of the covered premises. Coverage E, Personal Liability, clearly was not intended to extend coverage to activities incident to the pursuit of business or occupation. As the A.L.R.3d annotation cited above points out, at 1098:

> It has been said that the exclusion of business
>
>> liability, particularly in personal liability policies, removes coverage which is not essential to the purchasers of the policy and which would normally require specialized underwriting and rating, and thus help keep premium rates at a reasonable level.

*Citing The "Business Pursuits" Exclusion in Personal Liability Insurance Policies.* Insurance L.J. Sept. 1970, No. 572, p. 519.

The court is convinced that the insurance carrier did not intend to provide, and the

insured did not bargain for or pay for, coverage for claims arising out of his operation of a "bush hog" as part of his employment with the Huntsville School District.

As pointed out above, there are apparently no Arkansas cases directly on point. The Court of Appeals for the Eighth Circuit, in *Salerno v. Western Casualty & Surety Company*, 336 F.2d 14 (8th Cir. 1964), had occasion to construe the "business pursuits" provisions of a similar policy. In that case, the court said:

> "Business pursuits" as used in the policy here considered is a very comprehensive term. It can only be construed as embracing everything about which a person may be engaged where profit is a motive.

While it is true that the Court of Appeals was applying Missouri law, it appears that the court's statement in that regard was not a quote of what it understood to be Missouri law. Instead, it appears that the court was construing that term in its "plain, ordinary and proper sense." *J.B. Kramer Grocery Co., supra.*

For the reasons set forth above, the court is firmly convinced that there is not the slightest doubt about the facts necessary to a proper determination of this case. The court is equally convinced that, in order to sustain defendant's position, it would be necessary to resort to a forced construction of the contract terms, something that the Arkansas Supreme Court has repeatedly said is not to be done in construing any contract, including contracts of insurance. For these reasons, the court holds that the policy of insurance in question does not cover the claim described in the complaint for declaratory judgment and that the insurance carrier has neither the duty to defend the lawsuit described therein nor the duty to pay any judgment resulting from that lawsuit.

A separate judgment in accordance with this memorandum opinion will be contemporaneously entered.