McKINNON, ADMX. *v.* SOUTHERN FARM BUREAU CASUALTY INS. CO.

5-2150                                335 S. W. 2d 709

Opinion delivered May 30, 1960.

*Denman & Denman,* for appellant.

*Shaver, Tackett & Jones,* for appellee.

J. Seaborn Holt, Associate Justice. Appellant, Mrs. Clyda McKinnon, Administratrix of the Estate of Harvey McKinnon, Deceased, brings this appeal from a judgment in favor of appellee, Southern Farm Bureau Casualty Insurance Company, on a claim of appellant against appellee for $5,000.00 under the terms of one of appellee's policies. The insurance policy named as the insured: "Kenneth McKinnon and/or Harvey McKinnon" and covered bodily injury liability, property damage liability, medical payments, comprehensive damages and collision damages. The present appeal deals only with the extent of the medical coverage.

Harvey McKinnon was killed in an automobile accident while riding in an automobile owned and operated by his son, Kenneth, and insured by appellee casualty insurance company. Kenneth was a minor when he purchased the car and when it was first insured on his initial application. This original policy was renewed from time to time, each time in the name of "Kenneth McKinnon and/or Harvey McKinnon" (his father) and even after Kenneth reached his majority, the policy (the one here involved) continued the name of "Kenneth McKinnon

and/or Harvey McKinnon." Appellant alleged in her complaint: "That the defendant issued their policy number A280601 to 'Kenneth McKinnon &/or Harvey McKinnon.' That among the provisions of said policy there was a 'Medical payment' coverage known as 'Coverage C' that this coverage was paid for and applicable to this policy and to this insured. ¶ That the said 'Medical Payment—Coverage C' in said policy reads as follows: 'II. Medical Payments—Coverage C: To pay all reasonable expenses incurred within one year from the date of accident for necessary ambulance, hospital, professional nursing and funeral services to or for: Division 1 (a) The named insured and, while residents of the same household, his spouse and any relative of either, who sustains bodily injury, caused by accident while in or upon entering or alighting from, or through being struck by any automobile; (b) in the event of the death of the *first individual named as insured* caused by accident while in or upon, entering or alighting from, or through being struck by any automobile, the sum of $5,000.00 less any payments otherwise made hereunder on account of such injury. * * * ¶ That 'Medical Payment-Coverage C' Division 1 (b) section of said policy and by reason of the clause naming the insured 'Kenneth McKinnon &/or Harvey McKinnon,' the defendant is liable to pay, because of the death of Harvey McKinnon, the sum of $5,000.00, as provided for in said policy." (Emphasis ours) Appellee answered with a general denial. Trial was had by agreement before the court and as indicated, there was a judgment in favor of appellee, casualty company.

For reversal, appellant contends: "The appellee by using '&/or' in naming the insured created an ambiguity, and said ambiguity must be construed most strictly against the appellee insurer; that the phrase '&/or' is typed and the phrase 'first individual named' is printed, — under well settled rules of construction the written phrase takes precedence over the printed phrase; The effect of the appellee's theory is that the appellee intended to and did, perform a nullity by placing Harvey

McKinnon's name in the clause naming the insured in this policy, because under the appellee's theory the placing of Harvey McKinnon's name in the clause naming the insured did nothing more than was done by the printed policy.''

It thus appears that one clause in the policy refers to the *named insured* and another clause to the *first individual named as insured.* Both clauses were correctly set out in appellant's complaint above. Appellant's counsel insists that since the phrase ''&/or'' is used, this means that either of the persons named can be chosen as the first named insured. It is further argued that the phrase ''&/or'' is susceptible of more than one meaning and creates an ambiguity which under our long established rule of strict construction against the company, the appellant should prevail. While it is true that we resort to such rule of construction when there is ambiguity, our rule is equally well established that where no ambiguity exists, we are not required to use a forced construction which is plainly outside the language of the policy. Here, we think, the policy is clearly susceptible to but one construction under its term, ''in the event of the death of the *first individual named as insured* caused by accident * * *,'' which are definite and certain and the language used unmistakably insured the life of Kenneth McKinnon only, the *first individual named* as insured. Plainer language could not have been used.

Appellant's further contention ''that the phrase '&/or' is typed and the phrase 'first individual named' is printed; under well settled rules of construction the written phrase takes precedence over the printed phrase we hold to be without merit. It is only where the written (or typed) and printed words are so contradictory that an ambiguity arises that one must yield to the other. As indicated, we find no ambiguity or contradiction here. The controlling rule is clearly announced in 29 Am. Jur. Insurance No. 161: Variance — Between Written and Printed Matter: It is the rule with reference to insurance policies, as well as other contracts, that the

written portion of an insurance policy must be taken as more immediately expressive of the intention of the parties than the printed portion, if there is any repugnancy or conflict between them, and that in such case the written portion prevails. This rule however, applies only where the written and printed words so contradict each other that the one must yield to the other; where they do not, the policy must be so construed as to give effect to every part of it, and the writing and the print are to be construed so that both can stand, if possible," and in Insurance Law and Practice, Appleman, § 7522, we find: "In construing an insurance policy or certificate, all parts, both printed and written, should be given effect, if possible. In construing insurance contracts, the court must take the policy as it finds it, and where it is in printed form with written parts introduced into it, must take the whole together, both written and printed. Wherever possible, the courts will harmonize such clauses if they can be reconciled by any reasonable construction, since it cannot be assumed that the parties intended to insert inconsistent provisions. ¶ Of course printed parts of a policy may be modified by written endorsement. And the general rule is that while written and printed portions of a policy will be reconciled, if possible, if they are definitely repugnant, the written clauses will be given effect over the printed. Accordingly, where written and printed portions of the policy are inconsistent, the written clauses will prevail. The same preference is given to a typewritten expression as to one in writing . . ."

We said in *State Farm Mutual Automobile Insurance Company* v. *Belshe,* 195 Ark. 460, 112 S. W. 2d 954: " 'It will not be questioned that the parties can make any contract of insurance not prohibited by law, and there appears to be good reason why an indemnity company would not be willing to assume the risk for damages resulting from cars being driven or operated by persons under sixteen years of age.' (Citing authorities.) We think the foregoing quotation is a well-considered expression of opinion, sound from every viewpoint; that the

insurance company may make use of such language as it may please to express the conditions upon which it is willing to issue its policy. The insured, by acceptance, approves such policy with all the conditions therein contained, so long as they are reasonable and not contrary to public policy. Our attention has been called by appellant to an opinion in which we find well stated the same principle; but, * * * contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary and popular sense. * * * ¶ The distinction we think these authorities make is one that is found in the construction or meaning of a policy as written. The courts have made no effort in any of the cases to fix or determine liability not contracted for; and only in those cases wherein there is ambiguity has the court found reason to resort to a construction most strongly against the insurance company.''

Finally, appellant's argument that if the life of Harvey McKinnon were not insured, his name as an insured served no beneficial purpose whatever to him or his estate. We do not agree. Under the plain terms of the policy here, Harvey McKinnon and his wife were clearly afforded the following benefits: ''(1) Bodily Injury and (2) Property Damage Liability while using the insured vehicle without the consent of Kenneth * * * (3) Comprehensive and (4) Collision Damages and Losses to the insured car while using same without the consent of Kenneth or while the insured vehicle was being used by any other person with their consent, * * * (5) Bail Bonds required because of accident or traffic law violations while using the insured vehicle without the consent of Kenneth and to release any other vehicle being used by them not owned by a member of their household; (7) Emergency Road Service, including first aid, delivery of gasoline, oil, battery and tires, and towing of car while using insured vehicle without Kenneth's consent * * * (8) Medical, Hospital, and Funeral ex-

penses incurred by or for them because of accidental injury while in or upon entering or alighting from, or through being struck by ANY AUTOMOBILE, even though Kenneth not be a member of their household.''

On the whole case, finding no error, the judgment is affirmed.

ED. F. McFADDIN, Associate Justice concurring. The purpose of this concurrence is to give my views for affirmance of the judgment of the Trial Court.

The appellant insists that the words and symbols, ''and/or'', created an ambiguity. Even if we admit that an ambiguity was so created, then the effect of the ambiguity would be to admit testimony to explain it. This case was tried before the Circuit Court without a jury and testimony was introduced which had the effect of explaining the ambiguity.

The Circuit Judge found for the appellee, and that finding has the force and effect of a jury verdict. So, as I see it, the only way the appellant could prevail now would be to contend that she was entitled to an instructed verdict even with the testimony introduced. I cannot support that contention, even if made. The insistence that there was an ambiguity falls far short of the claim for an instructed verdict.