# ARKANSAS STATE HIGHWAY COMMISSION
## *v.* Gerald COOK et al

74-43                                                514 S.W. 2d 215

## Opinion delivered October 7, 1974

*Thomas B. Keys, James N. Dowell* and *Billy Pease,* for appellant.

*Brown, Compton & Prewett,* by: *Robert C. Compton,* for

appellees.

FRANK HOLT, Justice. Appellant instituted this eminent domain action for the acquisition of some of appellees' lands which were needed for the relocation of an existing highway fronting upon appellees' homesite. The appellee, Gerald Cook, and his expert value witness estimated appellees' damages at $10,000 and $7,000 respectively. Appellant's witness estimated damages at $1,500. The jury awarded $8,-750 as just compensation. For reversal appellant contends that the "before" valuation of the landowner and his value witness, as revealed on cross-examination, is devoid of a fair and reasonable basis. Therefore, there is no substantial evidence to support the verdict.

In determining whether a verdict is supported by substantial evidence we review the testimony in that light which is most favorable to the appellee and indulge all reasonable inferences favoring the support of the judgment. *Ark. Hwy. Comm'n* v. *Duff*, 246 Ark. 922, 440 S.W. 2d 563 (1969). Appellee lived in the area all of his life and acquired the property in question approximately nine months before appellant began acquisition proceedings. He purchased the twenty acres involved as a homesite as well as pasture land for his cattle. The appellant, in relocating the highway from the front of appellees' property, acquired a strip of land containing 2.17 acres which bisected the twenty acre tract. This resulted in leaving appellees' home, his barn and other improvements on approximately four acres that existed between the old road and the new highway. This left approximately thirteen acres, his pasture land, completely separated from his barn and other facilities.

The appellee landowner testified that he had purchased the twenty acre tract for $10,000 and estimated the fair market value at the time of the taking nine months later at $25,000. On cross-examination he justified this before taking value on the basis that he had spent $6,000 improving the home before moving into it, had built a pond and had "cleaned up" some of the property. The relocation of the road had cut through and destroyed his pond. He lost the use of his barn for the thirteen acre residual tract except by transpor-

ting hay across the new highway or driving the cattle across it to the barn. According to him he would have to be "hauling all the time." "I wouldn't have time for nothing else." It was necessary to lease other lands to pasture his cattle. He testified the price of property "goes up each year around here" and he considered himself "lucky" to have purchased the twenty acre tract for $10,000.

Appellant in its original brief asserts that this testimony does not constitute a fair and reasonable basis for the landowner's before value estimate. Appellant agrees that a landowner is a competent witness to testify as to the value of his land simply beçause he owns it. *Ark. State Hwy. Comm'n v. Jones*, 256 Ark. 40, 505 S.W. 2d 210 (1974). However the landowner must relate a satisfactory explanation on cross-examination to justify his value estimate. *Ark. Hwy. Comm'n v. Duff, supra*. In the case at bar the thrust of appellant's argument relates primarily to the recent purchase of the property and the asserted inflated value placed upon it by appellee at the time of appellant's acquisition. The difference between the recent purchase price of the property and the before value placed upon it by the landowner is only one item to be considered. The most critical thing that can be said about this disparity is it would tend to weaken the landowner's opinion which is a credibility factor for the jury to determine. We said in *Ark. State Hwy. Comm'n v. Russell*, 240 Ark. 21, 398 S.W. 2d 201 (1966), the cross-examination must elicit evidence that demonstrates a witness "had no reasonable basis whatever for his opinion evidence." Certainly it was not demonstrated in the case at bar there was no fair and reasonable basis whatever to support the landowner's opinion.

Appellant also contends that the opinion of the expert value witness was not predicated upon a fair and reasonable basis with respect to the "before" value. He attributed $8,500 as the value to the improvements and $13,000 for the land. The court, on appellant's motion, disallowed his estimate of improvements as he was not sufficiently familiar with its recent condition. It appears that this witness was a lifelong resident of the county and had been engaged for 46 years in the abstract business. At the same time he had kept himself informed about land transactions in the area and had "traded" land around this particular area including pasture land,

homesites, etc. He said the land in question was approximately two miles or three minutes from the city limits of the county seat and that "land is very hard to find around Hampton." On cross-examination he placed a value of $650 an acre on the land. Suffice it to say that this witness testified with respect to similar sales that a two acre homesite within one-half mile of appellees' land sold for about $600 an acre and five acres in the vicinity of appellees' property sold for $1,000 an acre. It appears that there were no improvements upon these two tracts of land. The similarity in size is only one factor in considering comparable sales. We are unwilling to say that appellent's cross-examination of this witness destroyed his opinion evidence of any fair and reasonable basis. Therefore, the court properly refused to strike his testimony.

Appellant next asserts that the court erred in refusing to remove from the jury's consideration the price paid for land by a condemnor (the county) in the vicinity. It is true that in *Fouts* v. *Public Service Company of Ark.*, 179 Ark. 695, 17 S. W. 2d 886 (1929), we held it was impermissible on direct examination to elicit evidence as to what a condemnor paid for other lands in the area in order to establish the true market value of lands being acquired. However, in *Ark. State Highway Comm'n* v. *Kennedy*, 234 Ark. 89, 350 S.W. 2d 526 (1961), we held that, although what a condemnor paid for property in the area is not a fair criterion of the true market value, the rule is not a prohibition against that type of knowledge the witness may possess. There we held that such value evidence elicited on cross-examination was not reversible error inasmuch as the court gave an admonitory instruction to disregard it. In *Ark. Power & Light* v. *Harper,* 249 Ark. 606, 460 S.W. 2d 75 (1970), testimony was elicited from a witness on cross-examination concerning a purchase made in the area by a condemnor. There we held the court was correct in refusing to strike the testimony inasmuch as "[O]ne is not permitted to speculate by participating in the development of evidence and then demanding that it be stricken when it proves unfavorable." We further observed that "perhaps appellant [condemnor] would have been entitled to a similar [admonitory] instruction had it so requested." There it was not demonstrated whether the purchase by the condemnor in the area was by a condemnation proceeding or

negotiation. Neither is it demonstrated in the case at bar. Additionally, here the value witness admittedly testified that in forming his opinion he did not take into consideration the purchase by the county of the two acre tract for $1,500 per acre. On further cross-examination he testified that a three acre tract in the vicinity of the county purchase sold for $1,650 per acre or in excess of the county purchase per acre.

In *Russell, supra,* we held it was not prejudicial error where the condemnor elicited on cross-examination that the witness had taken into consideration an inadmissible offer in forming his opinion. There we said that during cross-examination one "is not entitled to embark upon a fishing expedition with immunity from any unfavorable information he may elicit. He acts at his peril in putting a question that may evoke an answer damaging to his own case." In approving this right of a witness on cross-examination to say he had considered an offer of sale in forming his opinion, we overruled to that extent *Ark. Highway Comm'n* v. *Wilmans,* 236 Ark. 945, 370 S.W. 2d 802 (1963).

In the case at bar, as indicated, and in *Harper, supra,* the inadmissible testimony was elicited on cross-examination and the manner of acquisition by the public agency was not shown. Additional factors exist here. The witness admittedly did not consider the county purchase in forming his opinion. The witness further testified on cross-examination that a sale in the vicinity of the county purchase exceeded in purchase price per acre that paid by the county. Finally the court fully instructed the jury as to the meaning of the term "fair market value" as being a negotiated transaction between a willing seller and a willing buyer with neither being forced to sell or buy. In these circumstances we cannot say with confidence that the failure to admonish the jury as requested by appellant was prejudicial. At most the asserted error was harmless.

Affirmed.