PARKER SOLVENTS COMPANY, INC., Appellant,

v.

ROYAL INSURANCE COMPANIES OF AMERICA (formerly Royal Globe Insurance Co.), Appellee.

No. 90–2224.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1991.

Decided Dec. 9, 1991.

Paul K. Holmes and G. Alan Wooten, Fort Smith, Ark., for appellant.

M. Stephen Bingham, Little Rock, Ark., for appellee.

Before FAGG, Circuit Judge, SNEED,[*] Senior Circuit Judge, and LOKEN, Circuit Judge.

### PER CURIAM.

The determinative issue in this case is whether the phrase "as damages" in the insuring clause of a standard form comprehensive general liability insurance policy covers clean-up costs incurred pursuant to a consent decree between the insured and the U.S. Environmental Protection Agency. Arkansas law applies. The district court held that the governing principles of insurance law are the same in Arkansas as in Missouri. Therefore, under our en banc opinion in *NEPACCO*,[1] construing Missouri law, there is no coverage.

On March 22, 1991, we affirmed the district court's ruling that *NEPACCO* is controlling, noting "that this court gives great weight to decisions of district judges on questions of state law." On October 7, 1991, the Supreme Court summarily remanded this case "for further considera-

---

[*] The HONORABLE JOSEPH T. SNEED, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

1. *Continental Ins. Co. v. Northeastern Pharm. & Chem. Co.*, 842 F.2d 977 (8th Cir.), *cert. denied*, 488 U.S. 821, 109 S.Ct. 66, 102 L.Ed.2d 43 (1988).

tion in light of *Salve Regina College v. Russell*," — U.S. —, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991), which held that courts of appeals must review *de novo* district court interpretations of state law. — U.S. —, 112 S.Ct. 40, 116 L.Ed.2d 19

As we noted in *NEPACCO*, 842 F.2d at 985, "[c]ase law on this issue is sharply divided," and the division has continued since *NEPACCO*. *See, e.g., Avondale Ind., Inc. v. Travelers Indem. Co.*, 887 F.2d 1200, 1206–1207 (2d Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 2588, 110 L.Ed.2d 269 (1990) (applying New York law). However, standard form CGL insurance policies use virtually the same language around the country, and general principles of insurance law do not vary greatly from state to state. The real issue, of course, is whether the insurance industry should be compelled to help finance an immense environmental clean-up obligation that was not anticipated, by insureds or insurers, at the time these policies were written. On this difficult issue, which transcends state boundaries and has important public policy implications, it is not surprising that judges disagree.

Here, there are no Arkansas cases on point. The district court analyzed Arkansas and Missouri law and concluded that they follow the same general principles of insurance law. We have reviewed that question *de novo*, as required by *Salve Regina College*, and we agree. *Compare Arkansas Kraft Vendors v. Horton*, 690 S.W.2d 370 (Ark.App.1985); *Pate v. U.S. Fid. & Guar. Co.*, 685 S.W.2d 530 (Ark. App.1985); *and Southern Farm Bur. Cas. Ins. Co. v. Williams*, 260 Ark. 659, 543 S.W.2d 467 (1976), *with* the discussion of Missouri law in *NEPACCO*, 842 F.2d at 985. At this point, the question becomes whether there are Arkansas cases on this or closely related issues suggesting that the Supreme Court of Arkansas might reach a different result than we reached under Missouri law in *NEPACCO*. We have found one case that discussed this issue, but it was decided on other grounds and carefully left this issue unanswered. *See Home Indem. Co. v. City of Marianna*, 291 Ark. 610, 727 S.W.2d 375 (1987).

In these circumstances, we agree with the district court that *NEPACCO* is controlling under Arkansas as well as Missouri law. The relevant policy language is the same, the applicable insurance law principles are the same, and there are no Arkansas cases on this specific subject that suggest a contrary result. Absent such distinguishing factors, *NEPACCO* will continue to be this court's answer to the question unless and until the state courts within this circuit conclude that we have misinterpreted the law of any of their respective states.

Accordingly, we affirm.