STATE FARM FIRE AND CASUALTY COMPANY
*v.* Billy C. MIDGETT

94-800 892 S.W.2d 469

Supreme Court of Arkansas
Opinion delivered February 13, 1995
[Rehearing denied March 20, 1995.]

*Reid, Burge, Prevallet & Coleman*, by: *Robert L. Coleman*, for appellant.

*Easley, Hicky & Cline*, by: *Preston G. Hickey*, for appellee.

DAVID NEWBERN, Justice. Billy C. Midgett, the appellee, was awarded damages, a statutory penalty, and attorney's fee against State Farm Insurance Company (State Farm), the appellant. The claim arose from an accident in which Mr. Midgett's tractor and sprayer attachment, which operated from the tractor's power take-off, were damaged in a collision with another vehicle. State Farm contends the evidence was insufficient to support the verdict and, in the alternative, that its motion for a new trial should have been granted due to trial errors. While we cannot say the evidence was insufficient to support the verdict, we must reverse the judgment and remand the case because the jury was given an instruction on ambiguity in the insurance policy which we deem to have been prejudicial to State Farm because there was no evidence of any ambiguity.

Mr. Midgett asserted the damages to his tractor were covered by his homeowner's policy. The policy provided coverage of Mr. Midgett's personal property with a $500 deductible clause. The policy also declared that, with respect to property used or intended to be used in a business, coverage was limited to $250 when the property was away from the residence premises. The tractor was being driven on a highway when the collision occurred. State Farm concluded, based on statements made by Mr. Midgett shortly after the accident, that the tractor was being used in a business. It thus paid only $250 on Mr. Midgett's claim for over $6,000.

A separate declaration in the policy provided coverage was included for a motor propelled vehicle not licensed for use on public highways "used solely to service the insured location."

The definitions section of the policy included the following:

* * *

2. "business" means a trade, profession or occupation. This includes farming.

5. "insured location" means:

a. the residence premises;

b. the part of any other premises, other structures and grounds used by you as a residence. This includes premises, structures and grounds you acquire while this policy is in effect for your use as a residence;

c. any premises used by you in connection with the premises included in 5.a. or 5.6;

d. any part of a premises not owned by an insured but where an insured is temporarily residing;

e. vacant land owned by or rented to an insured. This does not include farm land.

* * *

### 1. Sufficiency of the evidence

In statements made shortly after the accident, Mr. Midgett said the tractor was used in his business of renting houses and his sod farm business. In response to a request for admission he admitted the sprayer attachment was used on his farm. His testimony at the trial, however, was quite different. He said he referred to his home place as the "farm," and he did not use the tractor in conjunction with his business of renting an office building or houses in Forrest City. He said the sod farm was his son's business and he derived no income from it. Despite the inconsistencies, the jury apparently believed the trial testimony, and we cannot say it was insufficient to support the verdict in Mr. Midgett's favor. The credibility of the witness presents a question for the jury to determine. *Kempner* v. *Schulte*, 318 Ark. 433, 885 S.W.2d 892 (1994); *Olmstead* v. *Moody*, 311 Ark. 163, 842 S.W.2d 26 (1992); *Takeya* v. *Didion*, 294 Ark. 611, 745 S.W.2d 614 (1988).

## 2. Ambiguity

■ Over State Farm's objection, the Trial Court instructed the jury as follows: "Where language used in an exclusionary clause as to policy coverage is ambiguous, it should be construed in favor of the insured." That was a correct statement of the law. See *Keller* v. *Safeco Ins. Co.*, 317 Ark. 308, 877 S.W.2d 90 (1994); *Cooper Tire and Rubber Company* v. *N.W. Nat'l Cas. Co.*, 268 Ark. 334, 595 S.W.2d 938 (1980). An ambiguity exists, however, only when a provision is susceptible to more than one reasonable interpretation. *Keller* v. *Safeco, supra.* If there is doubt or uncertainty as to the policy's meaning and it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the insurer, the former will be adopted. *Arkansas Farm Bureau Ins. Fed'n* v. *Ryman*, 309 Ark. 283, 831 S.W.2d 133 (1992).

The only argument made during the trial to the effect that the policy was ambiguous was Mr. Midgett's contention that the term "solely" as used in the phrase "used solely to service the insured location" was ambiguous. When arguing for the instruction to the effect that any ambiguity should be construed against State Farm, Mr. Midgett's counsel asked, "What does 'solely' mean? Does that mean solely on that day, solely forever? And I think that's an ambiguous term, and I'm going to argue that it is."

During cross-examination of a witness for State Farm, Mr. Midgett's counsel apparently attempted to show that the term "solely" was ambiguous, again asserting through questions that it might have some time limit. The witness responded that the word meant that the tractor would not be covered if it were "ever" used other than to service the insured location. That testimony is supported by common dictionary authority. *Webster's Third New International Dictionary* 2168 (1968).

■ Just as the witness knew what "solely" meant, we have no difficulty with the word. There was no confusion whatever demonstrated at the trial with respect to it or to any other term in the policy. To be ambiguous, a term must be susceptible to more than one reasonable construction. As was stated in an opinion authored by Justice Frank Holt in *Southern Farm Bur. Cas. Inc. Co.* v. *Williams*, 260 Ark. 659, 543 S.W.2d 467 (1976):

It is unnecessary to resort to rules of construction in order to ascertain the meaning of an insurance policy when no ambiguity exists. *McKinnon, Admx.* v. *Southern Farm Bureau Casualty Ins. Co.*, 232 Ark. 282, 335 S.W.2d 709 (1960). The terms of an insurance contract are not to be rewritten under the rule of strict construction against the company issuing it so as to bind the insurer to a risk which is plainly excluded and for which it was not paid.

 We agree the giving of the instruction may have suggested ambiguity existed in other terms of the policy, such as "business" or "insured location." No such ambiguity was suggested or shown. The instruction, while it was a correct statement of the law, was prejudicial to State Farm's case, and it requires reversal for a new trial. A final allegation of error is addressed for guidance in the event the issue arises upon retrial.

### 3. Parol evidence

State Farm moved *in limine* to prevent testimony that its agent had assured Mr. Midgett that the tractor was covered. The Trial Court granted the motion but then held he would allow Mr. Midgett to testify as to his "impressions" which he formed after a conversation with the agent. The testimony ultimately allowed during direct examination of Mr. Midgett by his counsel was:

Q Okay. And when you bought this tractor, did you go see Meredith [the State Farm agent]?

A Yes.

Q And what was your reason for going there?

A To insure my tractor.

Q Now did you buy any new insurance?

A No.

Q When you left Mr. Meredith's office — now don't tell anything that he told you — but what was your impression when you left there to go buy insurance?

[Objection renewed]

Q You can tell the jury what your impression was when

you left there that day as far as insurance on that tractor.

A I believed it was covered. It was covered; it was insured.

Q Under what policy?

A My homeowner's.

While such testimony could have come dangerously close to violating the parol evidence rule, it did not do so. The only testimony was that the visit with the agent left Mr. Midgett with the impression that the tractor was "covered" or "insured." Indeed it was covered and insured in the circumstances described by the policy. The question, however, was whether those circumstances existed. We find nothing in the testimony to indicate any statement made by the agent to the effect that the tractor was covered in any manner other than as provided by the terms of the policy.

Reversed and remanded.