RATLIFF ENTERPRISES, INC. *v.* AMERICAN
EMPLOYERS INSURANCE COMPANY

97-1471                                      975 S.W.2d 837

Supreme Court of Arkansas
Opinion delivered October 15, 1998

*Bridges, Young, Matthews, & Drake*, by: *Terry F. Wynne*, and *anderson, Murphy, & Hopkins, L.L.P.*, by: *Mariam T. Hopkins*, for appellant.

*Bailey, Trimble, Capps, Lowe, Sellars, & Thomas*, by: *Paul D. Capps* and *Thompson, Hine, & Flory LLP*, by: *Christopher M. Bechold* and *Jack F. Fuchs*, for appellee.

RAY THORNTON, Justice. Appellant Ratliff Enterprises, an ice-manufacturing plant in Pine Bluff, was damaged by an explosion and fire ensuing from an ammonia leak following a rupture of an ammonia filter in one of its icemakers. Appellee American

Employers Insurance Company insured appellant under both property coverage and boiler and machinery coverage policies. When appellant filed a claim for its damages, appellee paid the policy limits for the property damage claim to appellant's real and personal property, but denied appellant's boiler and machinery claim and business-interruption claim on the grounds that the policy language excluded coverage for damage resulting from fire or explosion ensuing from an accident to a covered piece of equipment. Appellant brought suit against appellee and the trial court found in favor of the insurance company on both points of coverage. The court of appeals affirmed, and we granted appellant's petition for review of that decision. We conduct our review pursuant to Ark. Sup. Ct. R. 1-2(f) as though the case had originally been appealed to this court, and finding no error on the part of the trial court, we affirm its decision.

Appellant's plant was damaged by fire on May 13, 1994, when an ammonia filter ruptured on an icemaker, leading to the escape of liquid ammonia that vaporized and entered the control panel of one of the ice machines. The ammonia exploded, and the entire plant was heavily damaged in the ensuing fire. The plant ceased operations for several months, and appellant submitted a claim for these damages. However, appellee denied appellant's boiler and machinery claim on the ground that the loss from the ensuing fire was not covered under the boiler and machinery coverage, given the manner of the loss, and that appellant could not, under these circumstances, recover under both the property coverage and the boiler and machinery coverage of the policy issued by appellee.

Appellant filed an action against appellee in the chancery court of Jefferson County, alleging breach of contract for failure to pay appellant's claim pursuant to the terms of the boiler and machinery coverage of the policy, as well as other claims not at issue in this appeal. Appellant alleged damages in the amount of $2,619,942.75, and sought attorneys' fees, interest, and a twelve-percent penalty for appellee's failure to pay in accordance with the terms of the policy.

Appellee moved for summary judgment on the grounds that appellant's construction of the boiler and machinery coverage endorsement was incorrect. According to appellee, the endorsement specifically excluded damage resulting from fire or explosion. Appellant cross-moved for partial summary judgment with regard to the boiler and machinery coverage as a matter of law, as no genuine issue of material fact existed. A summary judgment hearing was held on June 26, 1996, on the pleadings and exhibits that had been submitted to the court. In a memorandum opinion, the trial court denied appellee's motion for summary judgment on the issues of business interruption and extra expense coverage, and reserved ruling on the cross-motions for summary judgment on the boiler and machinery coverage issue.

The case proceeded to trial on August 20 and 21, 1996, and the chancery court found that appellee provided appellant with commercial property, general liability, inland marine, and boiler and machinery coverages, with real-property coverage limits for the ice plant of $330,000.00 and personal-property coverage limits of $500,000.00. Additional findings of fact were that on the afternoon of May 13, 1994, a fire completely destroyed the ice plant's manufacturing facility. The fire resulted from a leak of liquid ammonia from an accidental rupture of an inlet filter on the ice machine. The ammonia vapors were ignited when exposed to a normal, properly operating electrical circuit, and as a result of the ensuing explosion and fire, appellant sustained real-property damage in the amount of $997,202.07 and personal-property damage in the amount of $1,622,740.68, for a total of $2,619,942.75, of which $816,085.00 was paid under the claim for damages to appellant's real and personal property.

The trial court found appellant's claim for damages to its plant was not covered under the boiler and machinery coverage policy issued, because the policy specifically excludes coverage for fire or explosion outside the equipment that occurs at the same time as, or ensues from, a sudden and accidental breakdown of the equipment, and further found that there was no overlapping of coverage between the boiler and machinery policy and the building and personal-property policy. The chancellor also found that since no coverage exists for damage by fire or explosion outside

the object that occurs at the same time as, or ensues from, an accident under the boiler and machinery policy, there is no covered loss under the business-interruption portion of the boiler and machinery coverage policy. Appellant's complaint was dismissed with prejudice.

Appellant appealed the trial court's decision concerning its findings that the loss was excluded under the boiler and machinery coverage of the policy, that there was no overlap coverage between the boiler and machinery coverage and the building and personal-property coverage, that there was no covered loss under the business-interruption portion of the boiler and machinery coverage, and the denial of appellant's claims for attorneys' fees and a penalty against appellee for failure to pay the claim. The court of appeals affirmed, and we granted appellant's petition for review. Appellant's petition for review alleged that the court of appeals had applied an incorrect standard of review to the lower court's proceedings and that the correct standard of review should be whether appellee was entitled to judgment as a matter of law. On review we have determined as a matter of law that the insurance contract for boiler and machinery coverage specifically excluded coverage for damage caused by fire or explosion that ensued from the accident to the ammonia filter. Finding no error in the trial court's decision, we affirm.

Appellant argues that it should be entitled to recover for the damage to its plant as a result of the fire under the boiler and machinery coverage provisions of the policy.

The policy language at issue reads:

> A. Coverage. We will pay for direct damage to Covered Property caused by a Covered Cause of Loss.
>
> 1. Covered Property
>    Covered property, as used in this Coverage Part, means any property that:
>    a. You own; or
>    b. Is in your care, custody, or control and for which you are legally liable.
>
>    * * *
>
> 2. Covered Cause of Loss

A covered cause of loss is an "accident" to an "object" shown in the Declarations. An "object" must be in use or connected ready for use at the location specified for it at the time of the "accident."

B. Exclusions

We will not pay for:

4. Other exclusions

Loss caused by or resulting from:

a. An explosion. However, we will pay for loss caused by or resulting from an explosion of an "object" of a kind described below and only to "objects" covered by this insurance and as described on an Object Definitions endorsement . . .

b. Fire or explosion that occurs at the same time as an "accident" or that ensues from an "accident." With respect to any electrical equipment forming a part of an "object," this exclusion is changed to read:

Fire or explosion outside the "object" that occurs at the same time as an "accident" or ensues from an "accident". . .

We will not pay for any loss excluded above even though any other cause or event contributes concurrently or in any sequence to the loss.

"Accident" is defined as a sudden and accidental breakdown of the "object" or a part of the "object." At the time the breakdown occurs, it must manifest itself by physical damage to the "object" that necessitates repair or replacement. From our reading of the policy, it is clear that the rupture of the ammonia filter was an "accident" to an "object."

■ ■ When reviewing insurance policies, we adhere to the long-standing rule that, where the terms of the policy are clear and unambiguous, the policy language controls; absent statutory strictures to the contrary, exclusionary clauses are generally enforced according to their terms. *Smith v. Shelter Mut. Ins. Co.*, 327 Ark. 208, 210, 937 S.W.2d 180, 181 (1997). In construing the meaning of insurance policies:

> It is unnecessary to resort to rules of construction in order to ascertain the meaning of an insurance policy when no ambiguity exists. *McKinnon, Admx. v. Southern Farm Bureau Casualty Ins. Co.,* 232 Ark. 282, 335 S.W.2d 709 (1960). The terms of an insurance contract are not to be rewritten under the rule of strict construction against the company issuing it so as to bind the insurer to a risk which is plainly excluded and for which it was not paid.

*State Farm Fire & Casualty Co. v. Midgett,* 319 Ark. 435, 439, 892 S.W.2d 469, 471 (1995) (quoting *Southern Farm Bur. Cas. Ins. Co. v. Williams,* 260 Ark. 659, 664, 543 S.W.2d 467, 470 (1976)).

■ Appellant's argument that it was entitled to recover damages under its boiler and machinery coverage for damages to its plant ensuing from an accident to the ammonia filter is without merit, as the policy language specifically excludes coverage for fire or explosion outside the equipment that occurs at the same time as, or ensues from, a sudden and accidental breakdown of the equipment. The exclusionary clause of the policy makes clear that the policy does not cover loss caused by fire or explosion ensuing from the accidental rupture of the ammonia filter. Here, the fire and explosion that caused the significant damage ensued from the ignition of ammonia vapors by a properly functioning electrical panel. This ensuing damage is excluded from coverage.

Case law from other jurisdictions that have interpreted similar policy exclusions supports this reading of the language. A significant case was decided on the same policy language at issue in this case, concerning a fire that broke out in the boiler room of a condominium. *Preferred Mut. Ins. Co. v. Travelers Companies,* 955 F. Supp. 9 (D. Mass. 1997), *aff'd* 123 F.3d 136 (1ˢᵗ Cir. 1997). The plaintiff, Preferred Mutual, insured the building under an "all risk" policy and paid for the entire loss; the defendant, Travelers, provided insurance for the building under a "boiler and machinery" policy. Preferred brought suit against Travelers for reimbursement of monies paid for the loss. The district court found, and the First Circuit Court of Appeals affirmed, that the exclusionary language of the boiler and machinery policy excluded the loss by fire. The language of the policy quoted in *Preferred Mutual* concerning exclusions reads:

Loss caused by or resulting from:

    c.   Fire or combustion explosion that occurs at the same time as an "accident" or that ensues from an "accident." With respect to any electrical equipment forming a part of an "object," this exclusion is changed to read:

> Fire of explosion outside the "object" that occurs at the same time as an "accident" or ensues from an "accident."

The key section in the Traveler's policy regarding "Exclusions" states that "Travelers will not pay for any loss or damage caused 'directly or indirectly' for any of the reasons specified 'regardless of any other cause or event that contributes concurrently or in any sequence to the loss.'" *Preferred Mutual*, 955 F. Supp. at 12. The district court wrote:

> The clear intent of these two paragraphs is to distinguish between exclusions related to fire in two different circumstances. First, damage caused by a fire that occurs at the same time as, or ensues from, an "accident" will not be covered. An "accident" is defined in the policy as "a sudden and accidental breakdown of the 'object' or a part of the 'object.'" "Object" is defined as "any boiler, including its piping and accessory equipment."
>
> Combining this language makes the policy's intent reasonably clear: damage caused by a fire that occurs at the same time as, or ensues from, a sudden and accidental breakdown of any boiler or part of the boiler (including its piping and accessory equipment) is excluded from coverage under the policy.
>
> Second, with respect to any *electrical* equipment forming part of an "object," coverage will be excluded for any fire or explosion that occurs *outside* the "object." That is to say, Travelers is not required to pay for any damage outside the boiler, its piping or accessory parts, caused by a fire that occurs as a result of a sudden or accidental breakdown of any electrical equipment forming part of the boiler, its piping, or accessory parts.

*Id. See also St. Paul Fire & Marine Ins. v. Protection Mut. Ins.*, 664 F. Supp. 328 (N.D. Ill. 1987)(holding that where electrical short-circuiting at plant resulted in fire that led to PCB contamination, insurer covering fire was liable for costs associated with PCB cleanup because such costs were directly attributable to the fire, rather than the insurer covering damages due to short-circuiting of

machinery); *Associated Elec. v. Mut. Boiler & Machinery*, 492 F. Supp. 410 (W.D. Mo. 1980)(holding that where loss was caused by electrical current accompanied by ensuing fire, equipment and machinery policy that excluded accidents caused by fire or loss or damage caused by fire or explosion did not cover the loss).

■ Appellant argues that where an ambiguity exists, the language used in an exclusionary clause should be construed in favor of the insured. That is a correct statement of the law; however, an ambiguity exists only when a provision is susceptible to more than one reasonable interpretation. *State Farm Fire & Cas. Co. v. Midgett*, 319 Ark. 435, 438, 892 S.W.2d 469, 471 (1995). In the case at hand, we agree with the chancery court's finding that the language of the policy is neither ambiguous nor susceptible to more than one reasonable interpretation. Therefore, we must rule that the trial court correctly found that the loss incurred by appellant was excluded under the boiler and machinery coverage of the policy issued by appellee.

■ As a matter of law, we have determined that the insurance contract specifically excludes from coverage damage by fire or explosion ensuing from an accident to a covered object. Having made that determination, we note that it is not necessary to address appellant's second point on appeal, that the trial court erred in ruling that there was no overlap of coverage between the boiler and machinery coverage and building and personal-property coverage of the policy issued by appellee. Appellant contends that the trial court erred in finding no covered loss under the business-interruption provision of the boiler and machinery coverage. We note that appellant asserted at oral argument that appellant does not contend that the loss is severable between damage attributable solely to the loss of the ice maker and the loss as a result of the fire to the plant as a whole. Because we have determined that the damage to the plant as a whole resulting from the fire and explosion ensuing from the accidental rupture of the ammonia filter was excluded from the boiler and machinery coverage, it follows that there was no error in the trial court's determination that business losses were also excluded from coverage.

Finally, we note appellant's assertion in its petition for review that the court of appeals utilized an incorrect standard of review. Our review is of the action of the trial court, and our determination that damage from the ensuing fire and explosion was excluded from coverage under the boiler and machinery coverage policy resolves the question as a matter of law. Appellant further contends that the trial court erred in failing to award attorneys' fees and a twelve-percent penalty for failure to pay the claim. Our decision on the merits resolves this issue, and the trial court is affirmed.

Affirmed.

GLAZE and BROWN, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. The exclusionary language at issue in this case is the following:

> 4. Other exclusions
> Loss caused by or resulting from:
>
> . . . .
>
> b. Fire or explosion that occurs at the same time as an "accident" or that ensues from an "accident." With respect to any electrical equipment forming a part of an "object," this exclusion is changed to read:
>
>> Fire or explosion outside the "object" that occurs at the same time as an "accident" or ensues from an "accident" . . .

At Ratliff Enterprises, electrical equipment was involved in the explosion inside the object, which was the ice machine, so the more limited exclusion controls.

The confusion in this matter comes from the failure of the insurance company to clarify in its exclusion whether the fire or explosion must *originate* outside the "object" for the exclusion to apply, or merely *occur* outside the "object." The exclusion is silent on this point. American Employers reads the exclusion to mean:

> Fire or explosion [*occurring*] outside the "object" that occurs at the same time as "accident" or ensues from an "accident" . . .

Ratliff Enterprises, on the other hand, reads the exclusion as:

Fire or explosion [*originating*] outside the "object" that occurs at the same time as an "accident" or ensues from an "accident" . . .

The majority opts for the insurance company's interpretation and quotes from a federal district court case, which, in *dictum*, read the language the same way. *See Preferred Mut. Ins. Co. v. Travelers Co.*, 955 F. Supp. 9 (D. Mass. 1997) *aff'd* 127 F.3d 136 (1st Cir. 1997). The *dictum* in the federal district court opinion reads: "[W]ith respect to any *electrical* equipment forming part of an 'object,' coverage will be excluded for any fire or explosion that *occurs* outside the 'object.'" *Preferred Mut. Ins. Co.*, 955 F. Supp. at 12 (emphasis added). On appeal, the First Circuit Court of Appeals did not consider this point worthy of comment.

In interpreting the insurance policy the way it did, the federal district court sloughed over the ambiguity question and made no statement regarding it. It is equally plausible, however, to read the exclusionary language in dispute in that case as well as in the instant case as denying coverage only for explosions or fires that originate outside of the "object." Here, it is undisputed that the explosion and fire originated inside the ice machine. For that reason, Ratliff Enterprises reasonably believed that the exclusion from coverage did not apply.

By our decision today, we put the court's imprimatur on one interpretation of this highly questionable exclusionary language. In doing so, we do a disservice to insureds generally because we perpetuate the use of this dubious language. As a result, insurance companies can now foist this confusing and muddled exclusion on insureds with the full weight of precedent behind them.

Our law in the area of unclear provisions in insurance policies is well settled:

> It is also established law in our state that provisions contained in a policy of insurance must be construed most strongly against the insurance company which prepared it, and if a reasonable construction may be given to the contract which would justify recovery, it is the duty of the court to do so. *See Drummond Citizens Ins. v. Sergeant*, 266 Ark. 611, 588 S.W.2d 419 (1979). Further, this court has held that if there is doubt or uncertainty as to the policy's meaning and it is fairly susceptible of two interpre-

tations, one favorable to the insured and the other favorable to the insurer, the former will be adopted. *Id.*

*Home Indem. Co. v. City of Marianna*, 297 Ark. 268, 272, 761 S.W.2d 171, 173 (1988). It is difficult to maintain seriously that doubt does not pervade the wording in question. I would admit the doubt and construe the policy in favor of the insured.

For these reasons, I respectfully dissent.

GLAZE, J., joins in this dissent.