# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1885

_____

Harry Stone,                              \*
                                          \*
    Appellant,         \*
                                          \*   Appeal from the United States
  v.                             \*   District Court for the Eastern
                                          \*   District of Arkansas.
Metropolitan Life Insurance               \*
Company,                                  \*   [UNPUBLISHED]
                                          \*
    Appellee.          \*

_____

Submitted: November 17, 2005
Filed: April 10, 2006

_____

Before SMITH, HEANEY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Harry N. Stone appeals the grant of summary judgment to Metropolitan Life Insurance Company in this Employee Retirement Income Security Act case. The parties dispute whether their settlement agreement permits MetLife to deduct his (pre-settlement) disability retirement benefits *from* his (pre-settlement) long-term group disability benefits. Jurisdiction being proper under 28 U.S.C. § 1291, this court reverses and remands.

In 2002, Stone and MetLife were in litigation over long-term group disability benefits. A settlement agreement was reached. In paragraphs 3(a), 3(c), and 3(d) of the agreement, MetLife agreed to reinstate his group disability benefits and to pay his legal fees and costs. Paragraph 3(b) of the agreement provides:

> MetLife will pay Releasor [Stone] all back benefits due under Policy No. 90701-G from the date such benefits were terminated less all disability payments received by Releasor from the Social Security Administration;

After the settlement agreement was signed and the case dismissed, MetLife learned that Stone was receiving disability retirement benefits from the employer. MetLife then recalculated his benefits determining that Stone was overpaid by $22,322.20. After a demand for the overpayment, MetLife began withholding benefits to satisfy the overpayment. In response, Stone initiated this case. The district court found that by its plain, ordinary language, the settlement agreement authorized the offset. Stone appeals.

This Court reviews a grant of summary judgment de novo. *Gilooly v. Mo. Dept. of Heath & Senior Servs.*, 421 F.3d 734, 738 (8th Cir. 2005). To reverse a grant of summary judgment, the non-movant must present sufficient evidence to create a genuine issue of material fact, or demonstrate that the movant is not entitled to judgment as a matter of law. *See Smith v. Basin Park Hotel, Inc.*, 350 F.3d 810, 813 (8th Cir. 2003); *Shelter Ins. Cos. v. Hildreth,* 255 F.3d 921, 924-25 (8th Cir. 2001).

The parties agreed that the laws of Arkansas shall govern the settlement agreement. In Arkansas, when contracting parties express their intention in a written instrument in clear and unambiguous language, the written agreement is enforced according to the plain meaning of the language employed. *See C. & A. Constr. Co. v. Benning Constr. Co.,* 509 S.W.2d 302, 303 (Ark. 1974). Determining whether an agreement is clear or ambiguous is an issue of law. *Id.*

The threshold issue is whether the agreement is clear or ambiguous. An ambiguity exists if "a provision is susceptible to more than one reasonable interpretation." *State Farm Fire & Cas. Co. v. Midgett*, 892 S.W.2d 469, 471 (Ark. 1995); *see also Unigard Sec. Ins. Co. v. Murphy Oil USA, Inc.*, 962 S.W.2d 735, 740 (Ark. 1998). Stone stresses the ending phrase of paragraph 3(b), which explicitly requires a deduction only of social security benefits, and omits any mention of a deduction of disability retirement benefits.

MetLife emphasizes the first phrase in paragraph 3(b), that it will pay benefits *due under Policy No. 90701-G*. The policy, the group disability plan itself, allows MetLife to reduce his benefits by "other income" Stone receives. The plan defines "other income" to include disability retirement benefits from the employer.

MetLife also points to paragraph 3(a), which refers to the benefits to be reinstated after the agreement, as those "under Alltel Corporation Group Policy No. 90701-G." *See Cont'l Cas. Co. v. Davidson*, 463 S.W.2d 652, 655 (Ark. 1971) ("the interpretation must be upon the entire instrument and not merely on disjointed or particular parts of it"). The reinstated benefits include a deduction for the disability retirement benefits, and for social security benefits. Unfortunately for MetLife, paragraph 3(a) defines benefits under the policy differently than paragraph 3(b), which references one specific deduction. While MetLife's interpretation is reasonable, Stone's is also reasonable.

The settlement agreement thus is ambiguous. In Arkansas, if an ambiguity exists, then the true intention of the parties must be determined, which is the primary rule for construction of agreements. *See Harris v. Stephens Prod. Co.*, 832 S.W.2d 837, 839 (Ark. 1992). MetLife asserts that this court should determine the intention of the parties by considering the situation of the parties when they agreed to it. *See Asimos v. T.L. Reynolds & Sons, Inc.*, 429 S.W.2d 103, 107 (Ark. 1968). Specifically, MetLife points to another document (which is undisputed). Before any of the

litigation, Stone signed a MetLife form, "Agreement to Reimburse Overpayment of Long Term Disability Benefits." It authorizes MetLife to offset his group benefits by payments "under disability or retirement provisions of the Social Security Act (including any payments for my eligible dependents), under a Workers' Compensation or any Occupational Disease Act or Law, and under any State Compulsory Disability Benefit Law, or any other act or law of like intent." Stone's private disability retirement benefits are not included in any of these categories. The reimbursement form also requires Stone to report any "disability or retirement payments under the laws described above." Other than social security, Stone has not received any payments under the "laws described above," which include disability or retirement provisions of the Social Security Act, Workers' Compensation, Occupational Disease Act or Law, State Compulsory Disability Benefit Law, or any similar act or law. The MetLife form does not grant MetLife the right of offset it claims.

The parties point to no other relevant extrinsic evidence, and in the cross-motions for summary judgment, they agree on the facts of this case. In this posture, Arkansas courts resolve the ambiguity as a question of law. *See Jackson v. City of Blytheville Civil Serv. Comm'n.,* 43 S.W.3d 748, 751 (Ark. 2001); *Smith v. Prudential Prop. & Cas. Ins. Co.,* 10 S.W.3d 846, 850 (Ark. 2000). It is undisputed that MetLife drafted the settlement agreement (and the reimbursement form). In Arkansas, the law is clear:

> When there is uncertainty or ambiguity in a contract or contracts and they are susceptible to more than one reasonable construction, then we must construe them most strongly against the party who drafted them. Further the drafter of a document is in a better position to convey a clarity in meaning by its choice of phraseology and words, and if there are any uncertainties, they will be construed against the drafter of the

form if the language bears more than one reasonable meaning in its interpretation.

*Elcare, Inc. v. Gocio*, 593 S.W.2d 159, 161 (Ark. 1980) (citations omitted).

Because MetLife drafted the settlement agreement, Stone's interpretation prevails.  MetLife cannot offset for pre-settlement benefits not addressed in the agreement (or the reimbursement form).  Therefore, this court reverses the grant of summary judgment, and remands for entry of judgment consistent with this opinion.

_____